UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA ABDULLAYEVA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ATTENDING HOMECARE SERVICES LLC, d/b/a ATTENDING HOME CARE, <br><br> Defendant. | No: 17 Civ. 5951 <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff Tatyana Abdullayeva by her attorneys Wittels Law, P.C., and Hymowitz Law Group PLLC brings this action individually and on behalf of a class of persons defined below, against Defendant Attending Homecare Services LLC (d/b/a Attending Home Care), ("Defendant," "Attending Homecare," or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION
TO RECOVER FOR DEFENDANT'S MULTIPLE WAGE AND HOUR VIOLATIONS**

1. This suit seeks to remedy Defendant Attending Homecare's illegal pay practices. Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance. Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by Attending Homecare.

2. Attending Homecare has a "large professional staff" and is "one of the leading

- 1 -

New York home health care agencies, serving elderly New Yorkers with home care needs."[1] The Company provides home health care to individuals in all five boroughs and across the greater New York area.[2] Defendant's success is attributable to the devoted service of its home care workers. Nevertheless, although Plaintiff Ms. Abdullayeva and other members of the Class often work more than 40 hours per week to service the Company's expanding patient base and have helped Defendant accomplish its impressive growth, the Company has failed to pay them the overtime compensation they are legally owed.

3. Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of New York State Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

4. Home care workers perform physically demanding and vitally important work. These workers are crucial for ensuring access to the care that many individuals need to remain independent, and they should be compensated fairly and in accordance with the law.

5. The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes. Today, there are approximately 2 million home care workers nationwide supporting their clients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid in the service industry. The average wage for a home care worker in the United States—overwhelmingly immigrant women and women of color—is less than $20,000 a year. Further, the lack of basic employment protections, including compliance with state and federal wage and

---

[1] *Available at:* http://www.attendingllc.com/ (last visited October 11, 2017)

[2] *Available at:* http://www.attendingllc.com/contact-us/ (last visited October 11, 2017)

hour laws, results in an approximately 50% turnover rate in the home care industry and leaves those who do stay in the industry unable to take care of their own families.

6. Plaintiff Ms. Abdullayeva brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

7. Only by joining together in a class and collective action can the Company's employees remedy Attending Homecare's ongoing wrongdoing. Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge Attending Homecare's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit. Further, many employees do not even realize they are victims of Defendant's wage and hour violations.

8. With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like Attending Homecare engage in fair and upright business practices. Plaintiff therefore seeks equitable relief in addition to monetary damages. Plaintiff asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing its abusive labor practices, and require that Defendant compensate Plaintiff and the Class for all damages suffered as a result of Defendant's unlawful conduct.

## PARTIES

9. Plaintiff Tatyana Abdullayeva is a New York citizen, and at all times relevant to this action resided in Brooklyn, NY. Plaintiff Abdullayeva has been employed by Attending Homecare since October 2014.

10. At all times relevant, Plaintiff Abdullayeva worked as a home care worker in Brooklyn, frequently working more than 40 hours per week.

11. Plaintiff Abdullayeva's Consent to Join this Collective Action is attached hereto as Exhibit A.

12. Defendant Attending Homecare is a New York limited liability company with its headquarters located at 1125 Fulton St., Brooklyn, New York 11238. Attending Homecare is primarily in the business of placing home health and personal care aides at the homes of patients with medical and personal care needs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

14. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

15. This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

16. This Court has personal jurisdiction over Defendant because it is a New York company headquartered in New York.

17. Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

18. Upon information and belief, Attending Homecare was established in 2004 and has since seen robust annual growth. On information and belief, the Company's revenues have been in excess of $500,000 in each year from 2011 to the present.

19. Attending Homecare's employees' work also regularly involves them in interstate commerce. Yet Attending Homecare has committed multiple wage and hour violations, which are detailed in the following paragraphs.

### A. Failure to Pay Overtime at the Proper Rate

20. At all times relevant to this Complaint, Plaintiff Abdullayeva's regular rate of pay as an Attending Homecare employee has been $11.00 per hour.

21. Beginning in October 2014, when she started her employment with Attending Homecare, until approximately December 2014, Plaintiff Abdullayeva typically worked three 12-hour shifts, or 36 hours, per week. However, beginning in January 2015, Defendant frequently assigned Ms. Abdullayeva one or more additional 12-hour shifts per week, thereby increasing her weekly workload to well over 40 hours. Ms. Abdullayeva's pay stubs confirm the many hours she devoted to Defendant's clients.

22. Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, Attending Homecare was required to pay all members of the Class at one and a half times their regular hourly rate, for each overtime hour worked in excess of 40 hours per week.

23. From January 1, 2015 until October 17, 2015, Attending Homecare failed to pay Plaintiff Abdullayeva an overtime premium of one and a half times her regular hourly rate.

24. Until October 17, 2015, Attending Homecare maintained these same pay practices with regard to Plaintiff and the Class.

25.     On information and belief, the overtime violations detailed above are evident from the payroll account records in Defendant Attending Homecare's possession.

26.     Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA was willful.

27.     Defendant's unlawful conduct occurred pursuant to a corporate policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA.

### B.     Denial of "Spread of Hours" Pay

28.     Pursuant to 12 N.Y.C.R.R. § 142-2.4 Defendant is required to pay its home care workers an extra hour's pay for split shifts (i.e., a schedule of daily hours in which the working hours are not consecutive) or if the home care worker works a single shift lasting more than ten (10) hours.  This required extra pay is called "spread of hours" pay.

29.     Plaintiff Abdullayeva and the Class regularly worked more than ten hours per day and regularly had split shifts.  For example, during the week from March 5, 2016 to March 11, 2016 Plaintiff Abdullayeva worked split shifts and/or shifts longer than 10 hours on five separate days but was not paid spread of hours pay.

30.      Defendant failed and continues to fail to provide spread of hours pay to its employees when they work more than ten hours per day or have split shifts.

31.     The spread of hours violations detailed above are evident from Ms. Abdullayeva's pay stubs as well as the payroll account records in Defendant Attending Homecare's possession.

### E.     Failure to Pay Total Compensation Under Wage Parity Law

32.     As part of its effort to improve the quality of care for New Yorkers who receive home health care services, in 2011 the New York Legislature enacted Public Health Law § 3614-

c which went into effect March 1, 2012.  Commonly known as the "Wage Parity Law," the statute conditions Medicaid reimbursement for home health care services provided in New York City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health care agency's certification that it paid a statutorily defined minimum wage.  The required wage is determined by reference to New York City's Living Wage Law (*see* Administrative Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and health benefits supplement rate that must be paid by any City service contractor or subcontractor to its employees who provide home care services.  By referring to the New York City Living Wage Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care aides in the metropolitan New York area into line with compensation paid to aides who are under contract with New York City, thereby furthering the legislative purpose of stabilizing the home care workforce, reducing turnover, and enhancing recruitment and retention of home care workers.

33. The Wage Parity Law applies to entities like Attending Homecare that contract with managed care plans for Medicaid reimbursements.  NYPHL § 3614-c(6).  The Wage Parity Law applies "equally to services provided by home care aides who work on episodes of care as direct employees of certified home health agencies, long term home health care programs, or managed care plans, or as employees of licensed home care services agencies, limited licensed home care services agencies, or under any other arrangement."  NYPHL § 3614-c(4).

34. Attending Homecare has been and continues to be a licensed home care services agency.

35. On information and belief, Attending Homecare has entered into agreements with one or more managed care plans.  Under the terms of these agreements, managed care plans reimburse Attending Homecare for the services performed by its employees with New York state

Medicaid funds. On information and belief, under the terms of these agreements, Attending Homecare was obligated to compensate its home care aides according to the Wage Parity Law.

36. On information and belief, Attending Homecare received reimbursements from managed care plans. These reimbursements were funded, at least in part, by New York state Medicaid funds.

37. Plaintiff Abdullayeva was a home care aide as defined by the Wage Parity Law.

38. On information and belief, Attending Homecare received reimbursements funded by New York state Medicaid funds for Plaintiff Abdullayeva's services from a managed care plan.

39. The New York State Department of Health periodically publishes official notices of home care worker wage parity minimum rate of total compensation, which provides the breakdown of total hourly compensation of homecare workers.

40. For the period of March 1, 2014 through December 30, 2016, the minimum rate of home care workers' total compensation was $14.09, consisting of a base wage of at least $10.00 per hour, "Additional Wages" of up to $1.69 per hour, and "Supplemental Wages" of up to $2.40 per hour.

41. Ms. Abdullayeva's pay stubs show that she was paid only a base wage of $11.00 per hour throughout 2016. Accordingly, Attending Homecare failed to pay Plaintiff Abdullayeva and the Class all compensation required by the Wage Parity Law.

42. The Wage Parity Law violations detailed above are evident from Ms. Abdullayeva's 2016 pay stubs as well as the payroll account records in Defendant Attending Homecare's possession.

### D.  Wage Theft Prevention Act Violations

43. Defendant failed to provide Plaintiff and the Class with accurate wage statements, which are required by NYLL § 195(3). For example, Defendant's wage statements did not reflect all of the wages due to Ms. Abdulleyeva as they omitted spread of hours pay and they did not reflect all the hours worked by Ms. Abdullayeva as they failed to include the amounts payable under the Wage Parity Law.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings Count I under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care workers (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

45. At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, and plans, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek.

46. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

47. Defendant is aware or should have been aware that as of January 1, 2015 federal law required it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

48. Count I is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

49. The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

50. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings Counts II–VI pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a Class of Attending Homecare employees preliminarily defined as follows:

> All persons who were employed by Attending Homecare as home care workers who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime and straight hours worked.

52. Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Attending Homecare; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

53. The claims of Plaintiff and the Class may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

54. The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

55. Plaintiff is a member of the Class. Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

56. Plaintiff will fairly and adequately protect the interests of all Class members

because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

57. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

   a. Whether Defendant failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq*. and 12 N.Y.C.R.R. § 142-2.2;

   b. Whether Defendant should compensate its employees for an extra hour of pay for all days when they worked more than 10 hours or worked split shifts as required by New York's spread-of-hours law;

   c. Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

   d. Whether Defendant failed to pay its employees all Wage Parity Act minimum wages in violation of Public Health Law § 3614-c, and NYLL §§ 198, 663(1);

   e. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the Company from continuing its unlawful labor policies; and

   f. The extent of class-wide injury and the measure of damages for those injuries.

58. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members;

and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

59. Accordingly, this action satisfies the requirements of Federal Rule of Civil Procedure 23(a) and 23(b).

**COUNT I**
**(FLSA – UNPAID OVERTIME WAGES)**

60. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

61. At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

62. At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

63. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, apply to Defendant Attending Homecare and protect Plaintiff and the FLSA Collective.

64. The provisions set forth in the FLSA, 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

65. In violation of the FLSA and its supporting regulations, Attending Homecare has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

66. As a result, Plaintiff and the Collective have been deprived of overtime wages in amounts to be determined at trial, which they are entitled to recover along with liquidated damages, prejudgment interest, attorneys' fees, costs, and other damages pursuant to the FLSA.

## COUNT II
### (NYLL – UNPAID OVERTIME WAGES)

67. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

68. The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

69. In violation of N.Y. Labor Law and applicable regulations Attending Homecare has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

70. By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due since January 1, 2015, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT III
### (NYLL – SPREAD-OF-HOURS PAY)

72. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73. Under 12 NYCRR § 142-2.4, Attending Homecare is required to pay an hourly employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours. The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

74. Plaintiff and the Class often work a spread of hours in excess of 10 hours per day or split shifts. However, Defendant never pays these employees an extra hour of pay for each day in which they worked over 10 hours or a split shift. Defendant continually violates 12 NYCRR § 142-2.4.

75. By Defendant's knowing or intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

76. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT IV
### (NYLL – FAILURE TO PAY EARNED WAGES MANDATED BY THE WAGE PARITY LAW)

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

78. New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

79. New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

80. Pursuant to New York Labor Law § 198 employers such as the Defendant who

fail to pay hourly employees wages in conformance with New York Labor Law are liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

81. The compensation rates for home care workers mandated by Wage Parity Law are wages under New York Labor Law.

82. Defendant was obligated to pay its home care workers the required amounts because it entered into agreements with managed care plans and was receiving reimbursements funded by the New York Medicaid program.

83. Plaintiff and the Class were entitled to receive the required per hour amounts under the Wage Parity Law.

84. Defendant failed to pay Plaintiff and the Class all amounts required by the Wage Parity Law.

85. Defendant's failure to pay Plaintiff and the Class all amounts required by the Wage Parity Law was without a good faith basis to believe that such failure was in compliance with the law.

86. Due to Defendant's violations of the Wage Parity Law and N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years prior to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT V
### (NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)

87. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

88. Attending Homecare willfully failed to provide Plaintiff and the Class with

accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others, omitting spread of hours pay and amounts payable under the Wage Parity Law.

89. Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

90. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

### COUNT VI
### (UNJUST ENRICHMENT, IN THE ALTERNATIVE)

91. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

92. If Plaintiff's and the Class' New York Labor Law claim for wages required by the Wage Parity Law (Count IV) fails for any reason, Defendant was unjustly enriched by failing to pay Plaintiff and the Class the total compensation required by the Wage Parity Law.

93. Defendant was enriched by keeping the underpayment, which is the difference between what it should have paid under the Wage Parity Law and what it actually paid to the Plaintiff and the Class.

94. By keeping the underpayment, Defendant was enriched at Plaintiff's and the Class' expense.

95. The circumstances of the enrichment are such that equity and good conscience require restitution to which Plaintiff and the Class are entitled.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tatyana Abdullayeva on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA and state law claims;

B. Designation of Plaintiff as the Representative of the FLSA Collective;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E. Certification of this case as a class action pursuant to Rule 23;

F. Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H. An award of unpaid straight time pay, overtime pay, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I. Statutory penalties of $250 for each workweek that Defendant failed to provide

Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

J.  Pre-judgment interest and post-judgment interest;

K.  Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

L.  Punitive damages;

M.  Penalties, as provided by law;

N.  Reasonable attorneys' fees and costs of the action; and

O.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Abdullayeva requests trial by jury in this action of all issues so triable.

Dated: Armonk, New York
October 11, 2017

By: /s/ Steven L. Wittels
Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Tiasha Palikovic (TP-5697)
WITTELS LAW, P.C.
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

Daniel Hymowitz (DH-0936)
HYMOWITZ LAW GROUP, PLLC
1629 Sheepshead Bay Road

- 19 -

Brooklyn, NY 11235
Telephone: (718) 807-9900
Facsimile: (866) 521-6040
daniel@hymowitzlaw.com

*Counsel for Plaintiff and the Class*