UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA ABDULLAYEVA, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>ATTENDING HOMECARE SERVICES LLC, d/b/a ATTENDING HOME CARE,<br><br>Defendant. | Case No. 17-cv-05951 (JBW)(SJB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND COMPEL INDIVIDUAL ARBITRATION, OR IN THE ALTERNATIVE, COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**

                *By*:    Lisa M. Griffith
                        Ira D. Wincott
                        Leslie M. DiBenedetto
                        LITTLER MENDELSON, P.C.
                        290 Broadhollow Road, Suite 305
                        Melville, New York 11747
                        (631) 247-4700

                        *Attorneys for Defendant*

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

   I.      THE FEDERAL ARBITRATION ACT MANDATES THIS COURT TO COMPEL ARBITRATION ................................................................................ 4

   II.     PLAINTIFF MUST HONOR HER AGREEMENT TO RESOLVE HER CLAIMS THROUGH INDIVIDUAL ARBITRATION ....................................... 5

        1.     There is a Valid Agreement to Arbitrate ................................................. 6

        2.     Plaintiff's Claims Fall Within the Scope of the Arbitration Provision .................. 7

        3.     Courts Have Compelled Arbitration in Matters Involving Identical Arbitration Provisions ............................................................................ 8

   III.    PLAINTIFF'S CLASS CLAIMS CANNOT PROCEED ...................................... 9

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alfonso v. Maggies Paratransit Corp.*,
    203 F. Supp. 3d 244 (E.D.N.Y. 2016) ................................................................................8

*American Express Co. v. Italian Colors Restaurant*
    133 S. Ct. 2304 (2013) ......................................................................................................11

*AT&T Mobility, LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ..................................................................................................4, 11

*Baravati v. Josephthal, Lyon & Ross*,
    28 F.3d 704 (7th Cir. 1994) ..............................................................................................10

*Bd. of Educ. of Bloomfield Cent. Sch. Dist. v. Christa Constr., Inc.*,
    80 N.Y.2d 1031 (1992) .......................................................................................................5

*Begonja v. Vornado Realty Tr.*,
    159 F. Supp. 3d 402 (S.D.N.Y. 2016) ................................................................................6

*Brown v. St. Paul Travelers Cos.*,
    559 F. Supp.2d 288 (W.D.N.Y. 2008) ...............................................................................7

*Buckeye Check Cashing, Inc. v. Cardegna*,
    546 U.S. 440 (2006) ...........................................................................................................4

*Bynum v. Maplebear Inc.*,
    160 F. Supp. 3d 527 (E.D.N.Y. 2017) ...............................................................................7

*Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*,
    180 F. Supp. 2d 236 (S.D.N.Y. Feb. 3, 2016) ................................................................8, 9

*Citizens Bank v. Alafabco, Inc.*,
    539 U.S. 52 (2003) .............................................................................................................4

*Collins & Aikman Prods. Co. v. Bldg. Sys.*,
    58 F.3d 16 (2d Cir. 1995) ...................................................................................................7

*Dean Witter Reynolds Inc. v. Byrd*,
    470 U.S. 213 (1985) ...........................................................................................................6

*Direct TV, Inc. v. Imburgia*,
    136 S. Ct. 463 (2015) ...................................................................................................4, 11

*Equal Emp't Opportunity Comm'n v. Waffle House*,
    534 U.S. 279 (2002) ...........................................................................................................7

## **TABLE OF AUTHORITIES**
## (continued)

                                                                                             **Page(s)**

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*,
    815 F.2d 840 (2d Cir. 1987)..................................................................................................5

*Hall St. Assoc., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)..............................................................................................................4

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002)................................................................................................................6

*Katz v. Cellco P'ship*,
    794 F.3d 341 (2d Cir. 2015)..................................................................................................9

*Lamkin v. Morinda Props. Weight Parcel, LLC*,
    440 Fed. Appx. 604 (10th Cir. 2011)....................................................................................2

*League of Am. Theatres & Producers, Inc., v. Cohen*,
    270 A.D.2d 43 (1st Dep't 2000) ...........................................................................................5

*Mastrobuono v. Shearson Lehman Hutton*,
    514 U.S. 563 U.S. at 344 ....................................................................................................10

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995)................................................................................................................8

*Mazza v. Special Touch Home Care Servs., Inc.*,
    No. 16-cv-1185 (E.D.N.Y. Oct. 31, 2016)............................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*,
    460 U.S. 1 (1983)..................................................................................................................7

*MQDC, Inc. v. Steadfast Ins. Co.*,
    No. 12-cv-1424, 2013 WL 6388624 (E.D.N.Y. Dec. 6, 2013)..............................................1

*PacifiCare Health Sys. v. Book*,
    538 U.S. 401 (2003)..............................................................................................................6

*Patterson v. Raymours Furniture Co.*,
    659 Fed.Appx. 40 (2d Cir. 2016)...................................................................................11, 12

*Perry v. Thomas*,
    482 U.S. 483 (1987)..............................................................................................................4

*Rent-A-Center West v. Jackson*,
    561 U.S. 63 (2010)................................................................................................................9

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

*Salameno v. Gogo Inc.*,
   No. 16-cv-0487, 2016 WL 4005783 (E.D.N.Y. July 7, 2016) ................................................... 7

*Scherk v. Alberto-Culver Co.*,
   417 U.S. 506 (1974) ................................................................................................................. 5

*Shaw Grp. Inc. v. Triplefine Int'l Corp.*,
   322 F.3d 115 (2d Cir. 2003) ..................................................................................................... 6

*Sisters of St. John the Baptist, Providence Rest Convent v. Geraghty Constructor, Inc.*,
   67 N.Y.2d 997 (1986) ............................................................................................................... 5

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*
   559 U.S. 662, 664 (2010) ....................................................................................................... 10

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ................................................................................................... 11

*Union Fire. Ins. Co. v. Belco Petroleum Corp.*,
   88 F.3d 129 (2d Cir. 1996) ....................................................................................................... 6

*Volt Info. Sciences v. Bd. of Trustees*,
   489 U.S. 468 (1989) ............................................................................................................... 10

**STATUTES**

Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ........................................................................ *passim*

NY Civil Practice Law and Rules §§ 7501, 7503 ........................................................................... 5

## **PRELIMINARY STATEMENT**

On October 11, 2017, Plaintiff Tatyana Abdullayeva ("Plaintiff") filed an action styled as a "Class and Collective Action Complaint" (the "Complaint") in the United States District Court of the Eastern District of New York against Defendant Attending Homecare Services LLC d/b/a Attending Home Care ("Defendant" or "Attending Home Care"). *See* Compl. [Dkt. No. 1]. In the Complaint, Plaintiff asserts wage and hour claims pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and Wage Parity Law ("WPL"), on behalf of herself and others "similarly situated." *Id*. Specifically, Plaintiff claims that Defendant failed: (1) to pay her the overtime premium, from January 1, 2015 to October 17, 2015, in violation of the FLSA, (2) to compensate her in accordance with the rate of pay set forth in the WPL and pay her supplemental wages, in violation of the NYLL; and (3) to comply with the spread of hours and wage statement requirements, in violation of the NYLL. *Id*. at ¶¶ 60–95.

Plaintiff cannot litigate her claims in this court. Plaintiff is a union member covered by a Collective Bargaining Agreement between Local 1660 Home Healthcare Workers of America and Attending Home Care Services, LLC (the "CBA"). Plaintiff must be compelled to arbitrate her claims on an individual basis in accordance with the "Adjustment of Disputes" provision in Article 8 of the Amendment to the CBA.

Accordingly, Defendant hereby moves, pursuant to the Federal Arbitration Act ("FAA"), to dismiss Plaintiff's claims against it and compel individual arbitration of Plaintiff's claims should she elect to pursue them or, in the alternative, compel individual arbitration and stay proceedings pending arbitration.[1]

---

[1] Defendant submits this motion in lieu of an answer to Plaintiff's Complaint. *See MQDC, Inc. v. Steadfast Ins. Co*., No. 12-cv-1424, 2013 WL 6388624, at *6 (E.D.N.Y. Dec. 6, 2013) ("In lieu of answering, [defendant] filed the

-1-

## STATEMENT OF FACTS

*Collective Bargaining Agreement Between Local 1660 Home Healthcare Workers of America and Attending Home Care Services, LLC*

Attending Home Care, founded in 2004, is a home health care agency, serving elderly individuals with home care needs throughout the five boroughs. *See* Declaration of Michael Futersak in Support of Defendants' Motion to Dismiss and Compel Individual Arbitration or, in the Alternative, to Compel Individual Arbitration and Stay Proceedings Pending Arbitration ("Futersak Decl."), ¶ 2. These in-home services are performed by home healthcare aides such as Plaintiff.

Home Healthcare Workers of America, Local 1660 (the "Union") represents home healthcare workers throughout New York State, including the home healthcare aides employed by Attending Home Care. *Id*. at ¶ 3. Plaintiff has been employed by Defendant as a home healthcare aide since in or around October 2014 and, as such, is a member of the Union. *Id*. at ¶ 4.

In or around April and May 2016, the Union, on behalf of Defendant's full-time and part-time home healthcare aides and personal care aides, negotiated a collective bargaining agreement with Defendant, effective May 1, 2016 through April 30, 2019. *Id.* at ¶ 5, Exh. A. Thereafter, on April 24, 2017, the Union and Defendant agreed to an Amendment to the CBA (the "Amendment"). *Id.* at ¶ 5, Exh. B. Plaintiff, as a home healthcare aide employed by the Defendant, and a member of the Union, is bound by the terms of the CBA and all amendments to the CBA. *Id.* at ¶ 5. The CBA specifically states that, "[i]t shall be a condition of employment that all employees of [Defendant] covered by this Agreement who are members of the Union in

---

instant motion to compel arbitration and to stay this litigation"); *see also Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 Fed. Appx. 604, 607 (10th Cir. 2011) ("[D]efendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint." (citations omitted)).

good standing on the execution or effective date of this Agreement, whichever is later, shall remain members in good standing for the term of this Agreement". *Id.* ¶ 5, Exh. A, Article 2(a).

*The Arbitration Provision*

The Amendment, which was negotiated at arm's length by the Union and Defendant, included revisions to Article 8, the Adjustment of Disputes Provision, in the CBA. The Amendment, which applies to Plaintiff, contains a broad, detailed, arbitration provision. In relevant part, Section 1(b) of the Amendment states that:

> [A]ll claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described below:
>
> . . . .
>
> (4) In the event an Employee has requested, in writing, that the Union process a grievance alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of the mediation, an Employee . . . may submit their individual claim to mediation, or following the conclusion of mediation, to arbitration.

*Id.* at ¶ 6, Exh. B §1(b) (hereinafter, the "Arbitration Provision").

The Parties to the CBA also agreed in the Amendment that employees such as Plaintiff must pursue claims in arbitration on an individual basis, and not as a representative member of a class. *Id.* at ¶ 6, Exh. B §1(b)(4). Specifically, the Amendment states that an employee may submit their individual claim to mediation "solely on behalf of himself/herself," and that the Arbitrator has "no authority to consider class or collective claims or issue any remedy on a class basis." *Id*.

**ARGUMENT**

I. **THE FEDERAL ARBITRATION ACT MANDATES THIS COURT TO COMPEL ARBITRATION.**

The FAA, 9 U.S.C. §§ 1 *et seq.*, mandates that courts compel arbitration of claims that parties have agreed to arbitrate. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 338–39 (2011) (explaining that the FAA declares a liberal policy favoring the enforcement of arbitration agreements). Specifically, Section 2 of the FAA provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In enacting the FAA, Congress sought to overcome what was then widespread judicial hostility to the enforcement of arbitration agreements. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining that FAA was enacted "[t]o overcome judicial resistance to arbitration"). Indeed, the FAA not only placed arbitration agreements on equal footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy *favoring* arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983) (emphasis added)); *Direct TV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015) ("The Federal Arbitration Act is a law of the United States, and *Concepcion* is an authoritative interpretation of that Act").

The Arbitration Provision at issue is clearly governed by the FAA. The Arbitration Provision is contained in a contract "evidencing a transaction involving commerce." *See, e.g., Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (finding the requisite commerce for FAA

coverage even when the individual transaction did not have a substantial effect on commerce and stating that the term "involving commerce" is interpreted as broadly as constitutionally permissible, and does not require "showing any specific effect upon interstate commerce."). Here, Plaintiff performed home healthcare services, and Plaintiff's performance of said services in exchange for fees involves commerce sufficient for the FAA to apply.[2]

## II. PLAINTIFF MUST HONOR HER AGREEMENT TO RESOLVE HER CLAIMS THROUGH INDIVIDUAL ARBITRATION.

Section 4 of the FAA "directs a federal court to order parties to proceed to arbitration if there has been a failure, neglect, or refusal of any party to honor an agreement to arbitrate." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (internal citations omitted). In relevant part, Section 4 of the FAA states that a:

> [P]arty aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, *the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement*.

9 U.S.C. § 4 (emphasis added); *see also Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840,

---

[2] Even if the FAA did not apply, Plaintiff's claims would still be subject to mandatory individual arbitration under New York law, which likewise favors arbitration. *See Bd. of Educ. of Bloomfield Cent. Sch. Dist. v. Christa Constr., Inc.*, 80 N.Y.2d 1031, 1032 (1992) ("This Court has repeatedly held that arbitration is a favored method of dispute resolution in New York, and 'New York courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration.'" (internal citations omitted)); *League of Am. Theatres & Producers, Inc., v. Cohen*, 270 A.D.2d 43 (1st Dep't 2000) (affirming grant of motion to compel because "arbitration should not be stayed unless the arbitration clause cannot be reasonably interpreted to cover the disputed matter"). Under New York law, courts tasked with determining whether to order arbitration address the following questions: (1) "whether parties have agreed to submit their disputes to arbitration," and (2) "if so, whether the disputes generally come within the scope of their arbitration agreement." *Sisters of St. John the Baptist, Providence Rest Convent v. Geraghty Constructor, Inc.*, 67 N.Y.2d 997, 998 (1986). "The court's inquiry ends . . . where the requisite relationship is established between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate." *Id*. at 998. At that point, the action is exclusively within the province of the arbitrator. *See also* CPLR §§ 7501; 7503(a).

844 (2d Cir. 1987) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (stating that "[t]hese provisions are mandatory: 'by its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"). Indeed, any doubts concerning the arbitrability of a dispute should be resolved in favor of arbitration. *See Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("the federal policy in favor of arbitration requires that 'any doubts concerning the scope of arbitrable issues' be resolved in favor of arbitration").

In determining whether to compel arbitration under the FAA, two "gateway" issues need to be evaluated: (1) whether there is a valid agreement to arbitrate; and (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. *See PacifiCare Health Sys. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002); *Union Fire. Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996). Both gateway issues are satisfied here.

**1.     There is a Valid Agreement to Arbitrate.**

Plaintiff's claims must be referred to individual arbitration because Plaintiff clearly and unequivocally agreed to arbitrate, and to do so only on an individual basis. Here, Plaintiff was employed by Defendant at the time that Defendant and the Union entered into the CBA and the Amendment and, thus, Plaintiff – as a member of the Union – agreed to be bound by the terms of same. *See Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 413 (S.D.N.Y. 2016) (finding that the union properly negotiated the terms of the collective bargaining agreement on behalf of the covered employees and thereby bound them, and rejecting plaintiff's argument that she was not apprised of the terms of the same). In addition, the Union and Defendant negotiated at arms'

length and duly entered into the CBA and Amendment. Accordingly, members of the Union, which includes Plaintiff – are bound by same. Because the Arbitration Provision is a binding agreement under principles of contract formation, Plaintiff is bound by its terms. *See e.g., Brown v. St. Paul Travelers Cos.*, 559 F. Supp.2d 288, 291 (W.D.N.Y. 2008) (courts employ ordinary principles of contract and agency to determine whether there was an agreement to arbitrate); *Bynum v. Maplebear Inc*., 160 F. Supp. 3d 527 (E.D.N.Y. 2017) (Weinstein, J.) (granting motion to stay matter and compel arbitration in wage and hour case); *Salameno v. Gogo Inc*., No. 16-cv-0487, 2016 WL 4005783, at *6–7 (E.D.N.Y. July 7, 2016) (Weinstein, J.) (granting plaintiff's motion to compel arbitration).

### 2. Plaintiff's Claims Fall Within the Scope of the Arbitration Provision.

Prevailing federal precedent directs courts to "construe arbitration clauses as broadly as possible." *Collins & Aikman Prods. Co. v. Bldg. Sys.*, 58 F.3d 16, 19 (2d Cir. 1995) (internal quotations and citations omitted). "[A]s a matter of federal law, any doubts concerning the scope of the arbitrable issues should be resolved in favor of the arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone,* 460 U.S. at 24–25.

In determining whether Plaintiff's claims are covered by the Arbitration Provision, the threshold inquiry is an analysis of the contractual language. "Absent some ambiguity in the agreement . . . it is the language of the contract that defines the scope of disputes subject to arbitration." *Equal Emp't Opportunity Comm'n v. Waffle House,* 534 U.S. 279, 280 (2002).

In this case, the broad Arbitration Provision clearly encompasses all of Plaintiff's claims. As stated above, the Arbitration Provision expressly provides, among other things, that all claims brought pursuant to wage and hour and wage parity statutes, including the FLSA, NYLL, and/or WPL, shall exclusively be resolved in arbitration. *See* Futersak Decl., ¶ 6, Exh. B ¶ 1(b) (stating

that the arbitration provision applies to "violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the 'Covered Statutes')"); *Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 248 (E.D.N.Y. 2016) (finding that arbitration provision applicable to FLSA and NYLL claims was enforceable, and that such claims were not prohibited from being arbitrated). Here, Plaintiff's claims are brought pursuant to the FLSA, WPL, and NYLL and thus, fall squarely within the scope of the Arbitration Provision. Therefore, the Arbitration Provision must be enforced. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57–58 (1995).

> **3. Courts Have Compelled Arbitration in Matters Involving Identical Arbitration Provisions.**

Courts in the Second Circuit have compelled arbitration in cases involving identical arbitration language in collective bargaining agreements. Specifically, in *Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 2d 236 (S.D.N.Y. Feb. 3, 2016), a home healthcare agency sought to compel the arbitration of plaintiff's wage claims under the FLSA and NYLL. In support of its motion, the home health care agency cited the arbitration provision contained in the memorandum of agreement ("MOA") between it and plaintiff's bargaining representative, 1199 SEIU United Healthcare Workers East ("1199"). *Id*. at 240. In relevant part, the arbitration provision in the MOA – which is *identical* to the language at issue in this matter – stated that:

> "[A]ll claims brought by either the Union or Employees asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described" in this Article.

*Id*.

Based on this arbitration provision, the Honorable Katherine B. Forrest found that there

was a valid agreement to arbitrate, and that plaintiff's wage claims fell within the scope of that provision. *Id*. at 241 (stating that the collective bargaining agreement "expressly evinces the parties' intention to arbitrate the precise claims brought here, including all claims brought under the FLSA, New York Home Care Worker Parity Law, and New York Labor Law"). Accordingly, the court granted the home healthcare agency's motion to compel arbitration. *Id*. at 242.

Similarly, in *Mazza v. Special Touch Home Care Servs., Inc.*, No. 16-cv-1185 (E.D.N.Y. Oct. 31, 2016) (Dkt. No. 34), another home healthcare agency sought to compel arbitration of plaintiff's minimum wage and overtime claims under the NYLL and WPL based on an arbitration provision in the MOA between it and plaintiff's bargaining representative, 1199. Notably, the arbitration provision was *identical* to the arbitration language in *Chen*, as well as the arbitration language at issue here. *Id.* The Honorable Allyne Ross found that there was a valid agreement to arbitrate between the parties and compelled arbitration. *Id*. (stating that the arbitration provision "clearly covered" plaintiff's claims).

### III. PLAINTIFF'S CLASS CLAIMS CANNOT PROCEED.

The Court should also order the parties to arbitrate Plaintiff's claims solely on an individual basis. "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center West v. Jackson*, 561 U.S. 63, 68 (2010). Section 4 of the FAA provides that a party may obtain an order compelling arbitration "in the manner provided for in [the parties'] agreement." 9 U.S.C. § 4.

Similarly, Section 3 of the FAA authorizes federal courts to stay litigation until the arbitration has been conducted "in accordance with the terms of the [parties' arbitration] agreement…." 9 U.S.C. § 3; *see Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (finding that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay

-9-

[is] requested."). The "primary purpose" of the FAA is "ensuring that private agreements to arbitrate are enforced according to their terms." *Volt Info. Sciences v. Bd. of Trustees*, 489 U.S. 468, 479 (1989); *see Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. at 53–54 (enforcement of arbitration agreements "according to their terms" is the "central purpose" of the FAA); *Concepcion*, 563 U.S. at 344 (same).

The Supreme Court has made abundantly clear that parties to an arbitration agreement are free to set the terms of their agreement. *See Volt*, 489 U.S. at 479 (parties may "specify by contract the rules under which that arbitration will be conducted"). Taking its lead from the Supreme Court, the Seventh Circuit Court of Appeals has described that leeway in the following rather raw terms: "Indeed, short of authorizing trial by battle or ordeal or, more doubtfully, by a panel of three monkeys, parties can stipulate to whatever procedures they want to govern the arbitration of their disputes." *Baravati v. Josephthal, Lyon & Ross*, 28 F.3d 704, 709 (7th Cir. 1994).

The kinds of terms that parties are free to agree upon, or not, include a provision precluding class and collective adjudication. As the Supreme Court confirmed in *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, it is improper to force a party into a class proceeding to which is did not agree, because arbitration "is a matter of consent." 559 U.S. 662, 664 (2010). Parties "may specify with whom they choose to arbitrate their disputes." *Id.* at 683 (emphasis in original). As such, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id.* at 684.

In *Concepcion,* the Supreme Court upheld the enforceability of class waivers in FAA-governed arbitration agreements, reaffirming the bedrock principle that arbitration agreements must be enforced as written. The Court held that the California Supreme Court's rule restricting

-10-

enforcement of class action waivers was preempted by the FAA, because it interfered with the fundamental attributes of arbitration and created a scheme inconsistent with the FAA. *See* 563 U.S. at 351.[3]

Similarly, in *American Express Co. v. Italian Colors Restaurant*, an appeal from a decision of the Second Circuit, the Supreme Court reiterated that courts "must rigorously enforce" arbitration agreements according to their terms, including terms that "specify with whom [the parties] choose to arbitrate their disputes." 133 S. Ct. 2304, 2309 (2013). The Court reversed the Second Circuit and enforced a class action waiver in an arbitration agreement, ruling that such a waiver in a FAA-governed arbitration agreement is enforceable, even if the plaintiff's costs of individually arbitrating a claim exceed the potential individual recovery. *Id.* at 2311–12.

Accordingly, courts faced with arbitration agreements containing express class action waivers consistently uphold their enforceability and compel arbitration on an individual basis. *See, e.g., Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013) (upholding class action waiver and reversing district court's decision to deny motion to compel arbitration of plaintiffs' FLSA and NYLL overtime claims); *Patterson v. Raymours Furniture Co.*, 659 Fed.Appx. 40, 43–44 (2d Cir. 2016) (summary order).

---

[3] The Supreme Court also explained that class arbitration was inconsistent with the fundamental attributes of arbitration as contemplated by the FAA. *Concepcion*, 563 U.S. at 347–48. In particular, the Court stated that class arbitration sacrificed the principal advantage of arbitration – its informality – and rendered the process slower and more costly. *Id.* at 348–49. The Court further noted it was unlikely Congress intended to have an arbitrator address the more formal procedural requirements of a class proceeding. *Id.* Finally, the Court opined that arbitration was poorly suited to the higher stakes of class litigation and significantly increased the risks to defendants, especially given the absence of multilayered judicial review. *Id.* at 350. Accordingly, because the Supreme Court concluded that California's *Discover Bank* rule effectively forced parties into class arbitration as a condition of enforcement of their arbitration agreement, and because class arbitration interfered with the fundamental attributes of arbitration, including the paramount principle that arbitration agreements are to be enforced as written, the Court held that the *Discover Bank* rule was inconsistent with the FAA and thus preempted. *Id.* at 352. *Concepcion* was later reaffirmed by the Supreme Court in *Imburgia*. 136 S. Ct. at 468 ("The Federal Arbitration Act is a law of the United States, and *Concepcion* is an authoritative interpretation of that Act").

The Parties here did not agree to class or collective arbitration. Rather, as discussed above, the Arbitration Provision expressly prohibits class or collective claims. *Id.* (stating that an employee may submit their individual claim to mediation "solely on behalf of himself/herself, and that the Arbitrator has "no authority to consider class or collective claims or issue any remedy on a class basis."). Therefore, the Arbitration Provision should be enforced as written, and Plaintiff's individual claims should be sent to arbitration.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice and order Plaintiff to submit her dispute to individual arbitration or in the alternative, compel individual arbitration and stay proceedings pending arbitration. Should the Court deny the instant motion, Defendant respectfully requests 30 days from the Court's order to submit a response to the Complaint.

Respectfully submitted,

Dated: December 7, 2017
Melville, New York

/s/ Lisa M. Griffith
Lisa M. Griffith
Ira D. Wincott
Leslie M. DiBenedetto

LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

*Attorneys for Defendant*