## AMENDMENT

This Amendment is executed by and between Local 1660 Home Healthcare Workers of America, having its principal office located at 93 Lake Avenue, Danbury, Connecticut 06810 (hereinafter referred to as "Union") and Attending Home Care Services, LLC, having its principal office at 1125 Fulton Street, Brooklyn, New York 11238 (hereinafter referred to as "Employer").

### Recitals

**Whereas**, the Union and Employer are presently parties to a certain Collective Bargaining Agreement dated May 1, 2016 (hereinafter referred to as the "Agreement") covering certain employees of the Employer;

**Whereas**, the parties mutually desire to amend the Agreement;

**Now, therefore**, the parties agree as follows:

1. Article 8 – "Adjustment of Disputes," is hereby revised to read as follows:

    A) All disputes, complaints, controversies, claims and grievances arising between the Employer and the Union (on behalf of any employee) with respect to, concerning or growing out of the interpretation, operation, application, performance or claimed breach of any of the terms and conditions of this Agreement shall be adjusted in accordance with the following procedure:

    1) The matter shall first be taken up between a representative of the Union and the Employer after the Union becomes aware such dispute has arisen. If the said dispute shall not be adjusted within five (5) working days thereafter, then the grievances shall be reduced to writing by the aggrieved party and the matter may be submitted to arbitration upon written notice by either party to the other.

    2) The parties designate Elliott Shriftman, J.J. Pierson, and Randi E. Lowitt, Esq. as permanent arbitrators to hear and decide every grievance, on a rotating basis beginning with Arbitrator Shriftman. In the case of a scheduling conflict, the parties, may, upon mutual agreement, designate Aaron Shriftman or any other arbitrator to hear any particular grievance. Such substitution shall not alter the ordinary rotation of the permanent arbitrators. The decision of the arbitrator shall be final, binding and exclusive on the parties and the employees. The arbitrator's award shall

be fully enforceable in law, or in equity. It is expressly understood and agreed, however, that the arbitrator shall not have the power to amend, modify, or alter, or in any way, add to or subject from this Agreement or any provision thereof. The cost of arbitration shall be shared equally by the Employer and the Union.

B)  The parties further agree a goal of this Agreement is to ensure compliance with all federal, state, and local wage hour law and wage parity statutes. Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state, and local wage-hour and wage parity statutes, all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described below:

1)  The statute of limitations to file a grievance concerning the Covered Statutes shall be consistent with the applicable statutory statute of limitations. All such claims if not resolved in the grievance procedure, including class grievances filed by the Union, or mediation as described below shall be submitted to final and binding arbitration before Elliott Shriftman. If Elliott Shriftman is not available then the matter shall be submitted to Randi E. Lowitt. The Arbitrator shall apply appropriate law and shall award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.

2)  Whenever the parties are unable to resolve a grievance alleging a violation of any of the Covered Statutes, before the matter is submitted to arbitration, the dispute shall be submitted to mandatory mediation. The parties hereby designate Elliott Shriftman as Mediator for such disputes. If Elliott Shriftman is not available then the matter shall be submitted to Randi E. Lowitt. Such mediation shall be requested no more than thirty (30) calendar days following exhaustion of the grievance procedure. Following submission of the dispute to mediation, the parties with the assistance of the Mediator shall establish such procedures as shall expeditiously advance the mediation process, including the scheduling of the exchange of relevant information, submission of position statements, and dates for mediation. In the absence of agreement, the Mediator shall determine such procedures. Once the matter has been submitted to mediation, the Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Mediator. The fees of the Mediator shall be shared equally by the Union and the Employer.

3)  No party may proceed to arbitration prior to completion of the mediation process as determined by the Mediator. In the event the Union seeks

arbitration of a grievance subject to these procedures, the Union shall submit its demand for arbitration to the Employer and the Arbitrator within four (4) months following the Mediator's declaration that mediation has concluded. The Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Arbitrator. Prior to hearing, if noticed, the Union shall also be entitled to depositions of relevant witnesses. The fees of the arbitrator shall be shared equally by the Union and the Employer. The Employer shall upon notice be entitled to take the deposition of any Employee seeking relief in such arbitration or any other relevant witness.

4) In the event an Employee has requested, in writing, that the Union process a grievance alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of mediation, an Employee solely on behalf of himself/herself, may submit their individual claim to mediation, or following the conclusion of mediation, to arbitration. Written notice of the Employee's submission of the dispute to mediation and/or arbitration must be provided to the Employer, the Union, and the Mediator/Arbitrator within thirty (30) calendar days of written notice from the Union, as measured by postmark date, email date, facsimile date, or delivery/attempted delivery date (if such notice is served by overnight delivery service), that it has declined to process the dispute to mediation and/or arbitration. Such claims may be presented by and on behalf of the individual Employee only, with or without counsel. The Mediator/Arbitrator shall have no authority to consider class or collective claims or issue any remedy on a class basis. The fees and expenses of the Mediator/Arbitrator shall be borne solely by the Employer in any mediation and/or arbitration commenced by the Employee.

5) The parties agree not to contest court confirmation of an arbitration award rendered under this Article. Nothing herein shall require the Union or the Employer to indemnify the other party with respect to any finding by an arbitrator and/or court of competent jurisdiction that the Employer has violated any of the Covered Statutes.

6) All payroll and time records exchanged by the parties (i.e. Union, Employer or individual Employee) in mediation shall be deemed admissible in arbitration. All other information exchanged in mediation shall be deemed offered as part of a settlement negotiation and, pursuant to the Federal and New York State Rules of Evidence, shall not be admissible in any subsequent proceeding.

3

2. Except as otherwise set forth in this Amendment, all other terms and conditions of the Agreement shall remain unchanged and in full force and effect.

In Witness Whereof, this Amendment has been duly executed by the parties' authorized representatives on this 24 day of April, 2017.

| Local 1660 Home Healthcare Workers of America | Attending Home Care Services, LLC |
|---|---|
| By: _____ | By: _____ |
| Title: BUSINESS AGENT | Title: CEO |

Firmwide:143805268.1 090455.1000

4