

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

February 28, 2018

**VIA ECF**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Abdullayeva v. Attending Homecare Services LLC
        Case No. 17-cv-05951 (JBW)(SJB)

Dear Judge Weinstein:

As the Court is aware, this firm represents the Defendant Attending Homecare Services LLC d/b/a Attending Home Care (the "Defendant"), in the above-referenced matter.  We write to request that the Court strike Plaintiff's letter, dated February 28, 2018 (ECF Doc. No. 29) due to Plaintiff's apparent gamesmanship.

The Court's February 14, 2018 Order required the parties submit letter briefs in further support of their respective positions by February 21, 2018.  Plaintiff filed a brief in further support of her position on February 21, 2018 (ECF Doc. No. 26) containing case law and argument that Plaintiff did not previously identify, despite the existence of such case law prior to the date they submitted their opposition to Defendant's motion to compel arbitration.

Plaintiff now seeks to submit to the Court what essentially amounts to a sur-sur reply.  Indeed, Plaintiff's six-page single-spaced sur-sur reply reiterates their prior arguments, and contains argument which Plaintiff did not raise in her February 14, 2018 submission, or in opposition to Defendant's motion to compel arbitration.  Plaintiff raises entirely new argument.  Plaintiff's sur-sur reply is simply another bite at the proverbial apple.

Alternatively, Defendant respectfully requests two weeks to submit a response to Plaintiff's sur-sur reply and, if necessary, to ensure Plaintiff has not submitted any further misrepresentations to the Court akin to their misleading pronouncement that ratification by rank and file Union members is a "critical prerequisite for these [collective bargaining] agreements to become binding."  Pl. Opp. at 12.  As the Court is aware, this statement was an incorrect statement of law and entirely contrary to Second Circuit precedent.  Accordingly, Defendant, and this Court, must view any submission by Plaintiff's counsel as potentially misleading and incorrect.

February 28, 2018
Page 2

Thank you for the Court's consideration of this request.

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez

cc:      All attorneys of record (via ECF)

Firmwide:153156052.1 090454.1002