UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 5 2018 ★
BROOKLYN OFFICE



|  |  |
|---|---|
| TATYANA ABDULLAYEVA, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> – against – <br><br> ATTENDING HOMECARE SERVICES, LLC., <br><br> Defendant. | **MEMORANDUM & ORDER** <br><br> 17-CV-5951 |

**JACK B. WEINSTEIN, Senior United States District Judge**

**Parties**

**Tatyana Abdullayeva**
*Individually and on Behalf of All Others Similarly Situated*

**Appearances**

**Steven L. Wittels**
**J. Burkett McInturff**
**Tiasha Palikovic**
Law Offices of Steven L. Wittels
18 Half Mile Road
Armonk, NY 10504
914-319-9945
Fax: 914-273-2563
Email: jbm@wittelslaw.com

**Daniel Hymowitz**
Hymowitz Law Group, PLLC
1629 Sheepshead Bay Rd
Floor 2
Brooklyn, NY 11235
718-807-9900
Fax: 866-521-6040
Email: daniel@hymowitzlaw.com

1

**Attending Homecare Services, LLC** *doing business as* Attending Home Care

**Lisa M. Griffith**
**Ira D. Wincott**
**Daniel Sergio Gomez-Sanchez**
Littler Mendelson, P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747
631-247-4713
Fax: 631-824-9249
Email: dsgomez@littler.com

# Contents

I. Background ................................................................................................................ 2
II. Facts ........................................................................................................................... 3
   A. Complaint ............................................................................................................ 3
   B. Arbitration Agreements ....................................................................................... 4
III. Law ............................................................................................................................ 7
   A. Motion to Compel Arbitration: Standard of Review ........................................... 7
   B. Federal Arbitration Act ........................................................................................ 7
   C. Interpretation of Arbitration Agreements ............................................................ 8
      1. Collective Bargaining Agreements ................................................................. 8
      2. FLSA Collective Actions .............................................................................. 10
IV. Application of Law to Facts .................................................................................... 11
V. Conclusion ............................................................................................................... 13

## I. Background

Plaintiff, Tatyana Abdullayeva, filed this putative class action alleging that Defendant, Attending Homecare Services, LLC, violated federal and state wage and hour laws. Defendant did not answer the complaint. Instead, it filed a motion to dismiss the complaint or stay the case and compel arbitration because, it claims, a collective bargaining agreement requires that all wage and hour claims of its employees be arbitrated.

The issue is whether the arbitration clause compels the parties to arbitrate this dispute. It does not. A clause purporting to require arbitration of a Fair Labor and Standards Act ("FLSA") claim that is contained in a collective bargaining agreement must be "clear and unmistakable" to compel arbitration. The clause in this case does not require Plaintiff to arbitrate. Plaintiff and the putative class may pursue their claims in this court rather than arbitrate.

There are four reasons the arbitration clause does not bar this suit.

1) The mediator and arbitrator have been preselected by the parties. *See* Amendment to Agreement Between the Union and Attending Homecare Services ("Amendment") ¶¶ B(1)-(2), ECF No. 16, Ex. B. Nothing expressly limits this preselection to the Union and employer; it is reasonable to assume that if a worker brought a claim she would be bound to utilize the preselected arbitrator. Since the worker apparently has no part in selection of the arbitrator, the clause denies due process.

2) The employee must request that the Union process her grievance before she can ask for arbitration. *Id.* at ¶ B(4). She has not, so far as the record shows, requested the Union to process her grievance.

3) The employee "may" submit the claims to arbitration. *Id.* It does not say "shall." The employee has not submitted the claims to arbitration.

4) Paragraph 4 is at best ambiguous. It must be clear and unmistakable since it contains statutory rights to wages and other benefits. *See infra* Parts III-IV.

## II.  Facts

### A. Complaint

The allegations in the complaint are summarized below:

Plaintiff is a home health aide who has been working for Defendant since October 2014. *See* Compl., at ¶¶ 1, 9, ECF No. 1. Frequently, she worked more that forty hours per week. *Id.* at ¶ 11. She was always paid $11.00 per hour. *Id.* at ¶ 20.

From October 2014 until December of that year, Plaintiff generally worked three 12-hour shifts a week, for a total of 36 hours. *Id.* at ¶ 21. Beginning in January of 2015, she was assigned additional shifts and her weekly hours were greater than 40. *Id.* She did not receive time-and-a-half for the overtime she worked from January 1, 2015 through October 17, 2015. *Id.* at ¶ 23. The putative class, too, did not receive additional pay for overtime hours. *Id.* at ¶ 24.

Plaintiff alleges that she and the class were denied other statutorily required pay; she was denied "spread of hours" pay under 12 N.Y.C.R.R. § 142-2.4, *Id.* at ¶ 28; she did not receive an extra hours pay on days where she worked more than 10 hours in a day or had non-consecutive hours. *Id.* at ¶¶ 28-31. From March 1, 2014 through December 30, 2016, she was supposed to receive at least $14.09 per hour under New York law, but only received $11.00. *Id.* at ¶¶ 40-41.

### B. Arbitration Agreements

Defendant entered into an agreement with Home Healthcare Workers of America, Local 1660 ("Union") for a term from May 1, 2016 through April 30, 2019. *See* Agreement Between the Union and Attending Homecare Services (the "Agreement"), ECF No. 16, Ex. A. The Agreement covers all "full time and regular part time home healthcare aides and personal care aides" working for Defendant. *Id.* at 1. As originally written, the Agreement contained an arbitration clause:

> All disputes, complaints, controversies, claims and grievances arising between the Employer and the Union, (on behalf of any employee) with respect to, concerning or growing out of the interpretation, operation, application, performance or claimed breach of any of the terms and conditions of this Agreement shall be adjusted in accordance with the following [arbitration] procedure.

*Id.* at 4-5.

The Union and Defendant executed an amendment to the arbitration clause on April 24, 2017. *See* Amendment. It contains the same coverage clause that was in the original Agreement and added a second clause reading:

> B. The parties further agree a goal of this Agreement is to ensure compliance with all federal, state, and local wage hour law and wage parity statutes. Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state, and local wage-hour and wage parity statutes, *all claims* brought by either the Union *or Employees*, asserting violations of or arising *under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law* (collectively, the "Covered Statutes"), in any manner, *shall be subject exclusively, to the grievance and arbitration procedures* described below.
>
> 1) The statute of limitations to file a grievance concerning the Covered Statutes shall be consistent with the applicable statutory statute of limitations. All such claims if not resolved in the grievance procedure, including class grievances filed by the Union, or mediation as described below shall be submitted to final and *binding arbitration before Elliott Shriftman. If Elliott Shriftman is not available then the matter shall be submitted to Randi E. Lowitt.* The Arbitrator shall apply appropriate law and shall award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.
>
> 2) Whenever the parties are unable to resolve a grievance alleging a violation of any of the Covered Statutes, before the matter is submitted to arbitration, the dispute shall be submitted to mandatory mediation. *The parties hereby designate Elliott Shriftman as Mediator for such disputes. If Elliott Shriftman is not available then the matter shall be submitted to Randi E. Lowitt.* Such mediation shall be requested no more than thirty (30) calendar days following exhaustion of the grievance procedure. Following submission of the dispute to mediation, the parties with the assistance of the Mediator shall establish such procedures as shall expeditiously advance the mediation process, including the scheduling of the exchange of relevant information, submission of position statements, and dates for mediation. In the absence of agreement, the mediator shall determine such procedures. Once the matter has been submitted to mediation, the Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Mediator. The fees of the Mediator shall be shared equally by the Union and the Employer.

3) No party may proceed to arbitration prior to completion of the mediation process as determined by the Mediator. In the event the Union seeks arbitration of a grievance subject to these procedures, the Union shall submit its demand for arbitration to the Employer and the Arbitrator within four (4) months following the Mediator's declaration that mediation has concluded. The Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Arbitrator. Prior to hearing, if noticed, the Union shall also be entitled to depositions of relevant witnesses. The fees of the arbitrator shall be shared equally by the Union and the Employer. The Employer shall upon notice be entitled to take the deposition of any Employee seeking relief in such arbitration or any other relevant witness.

4) *In the event an Employee has requested, in writing, that the Union process a grievance* alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of mediation, *an Employee* solely on behalf of himself/herself, *may submit their [sic. should be "his or her"] individual claim* to mediation, or following the conclusion of mediation, *to arbitration*. Written notice of the Employee's submission of the dispute to mediation and/or arbitration must be provided to the Employer, the Union, and the Mediator/Arbitrator within thirty (30) calendar days of written notice from the Union, as measured by postmark date, email date, facsimile date, or delivery/attempted delivery date (if such notice is served by overnight delivery service), that it has declined to process the dispute to mediation and/or arbitration. Such claims may be presented by and on behalf of the individual Employee only, with or without counsel. The Mediator/Arbitrator shall have no authority to consider class or collective claims or issue any remedy on a class basis.

5) The parties agree not to contest court confirmation of an arbitration award rendered under this Article. Nothing herein shall require the Union or the Employer to indemnify the other party with respect to any finding by an arbitrator and/or court of competent jurisdiction that the Employer has violated any of the Covered Statutes.

6) All payroll and time records exchanged by the parties (i.e. Union, Employer or individual Employee) in mediation shall be deemed admissible in arbitration. All other information exchanged in mediation shall be deemed offered as part of a settlement negotiation and, pursuant to the Federal and New York State Rules of Evidence, shall not be admissible in any subsequent proceeding.

*Id.* (emphasis added).

The Amendment must be read as limiting power to request arbitration of a dispute between a worker and employer to the worker, not to the employer. Only paragraph B(4)

6

concerns a dispute between a worker and employer. The rest of the new paragraph B covers disputes between parties; the parties to the agreement are the Union and the employer.

### III. Law

#### A. Motion to Compel Arbitration: Standard of Review

"In the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citation omitted). Courts are required to draw "all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).

#### B. Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Through the enactment of Section 2, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (internal quotation marks omitted). Over a number of years, through numerous opinions, the FAA's reach has expanded to permit or require arbitration of many federal and state claims. *See generally* Imre Stephen Szalai, *More Than Class Action Killers: The Impact of Concepcion and American Express on Employment Arbitration*, 35 Berkeley J. Emp. & Lab. L. 31 (2014).

"In deciding whether to compel arbitration, a district court must determine: (1) whether the parties entered into an agreement to arbitrate; (2) if so, the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, claims are subject to arbitration, whether to stay the balance of the proceedings pending arbitration." *Garcia v. Golden Abacus Inc.*, No. 16-CV-6252-LTS, 2017 WL 2560007, at *2 (S.D.N.Y. June 13, 2017) (internal quotation marks omitted). Courts look to "state contract law principles" to determine "whether the parties indeed agreed to arbitrate." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).

### C. Interpretation of Arbitration Agreements

Generally, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). *When an agreement is clear*, "it is the language of the contract that defines the scope of disputes subject to arbitration." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). "For nothing in the statute authorizes a court to compel arbitration of any issues . . . that are not already covered in the agreement." *Id.*

#### 1. Collective Bargaining Agreements

There are several exceptions to the rule that arbitration agreements should be construed generously. One exception applies when an agreement to arbitrate an individual employee's federal statutory claim—here, a FLSA claim—appears in a collective bargaining agreement. Arbitration clauses in these agreements must "clearly and unmistakably require[] Union members to arbitrate" their individual claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009). "In order for a mandatory arbitration provision in a CBA to encompass an employee's statutory [] claims, the inclusion of such claims must be unmistakable, *so that the wording is not*

*susceptible to a contrary reading."* Lawrence v. Sol G. Atlas Realty Co., 841 F.3d 81, 83 (2d Cir. 2016) (emphasis added). To satisfy this exacting standard, the arbitration clause must specify either that all federal causes of action are subject to mandatory arbitration or name the specific statutory provisions that it intends to cover. *See McLean v. Garage Mgmt. Corp.*, No. 10 CIV. 3950 DLC, 2011 WL 1143003, at *5 (S.D.N.Y. Mar. 29, 2011) ("[T]he Defendants' motion to compel arbitration is denied . . . . [because] [t]he CBA does *not* provide that 'all federal causes of action arising' from the Plaintiffs' employment will be subject to arbitration, nor does it 'explicit[ly] incorporate[e]' the requirements of the FLSA or NYLL." (quoting *Rogers v. N.Y. Univ.*, 220 F.3d 73, 76 (2d Cir.2000) (per curiam) (citation omitted), *abrogated on other grounds by Pyett,* 129 S.Ct. at 1474)).

The Court of Appeals for the Second Circuit applied this strict exception in *Lawrence*, a discrimination case; it refused to compel arbitration:

> The CBA here does not satisfy *this exacting standard*. Article X, Clause 23—the "No Discrimination" provision—clearly prohibits discrimination on the basis of "any characteristic protected by law" and compels arbitration of "[a]ny disputes under [that] provision," unmistakably creating a contractual right of employees to be free from unlawful discrimination that is subject to arbitration. However, a contractual dispute is not the same thing as a statutory claim, even if the issues involved are coextensive.

*Id.* at 84-85 (internal citations omitted) (emphasis added); *see also Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 361 (S.D.N.Y. 2016), *reconsideration denied*, No. 12-CV-1968, 2016 WL 4399325 (S.D.N.Y. Aug. 17, 2016) ("The CBA is broad and requires arbitration for 'all disputes,' but its antidiscrimination section does not reference any specific antidiscrimination statutes that would be subject to exclusive arbitration, nor does it specify whether arbitration is required for state or federal claims at all. In view of post-*Pyett* precedent in

9

this circuit, the court holds that *the arbitration and antidiscrimination clauses above do not mandate arbitration of Fernandez's statutory claims*.") (emphasis added).

The "clear and unmistakable" standard dates back to the early 1980s: *Metro. Edison Co. v. N.L.R.B.* 460 U.S. 693, 708 (1983) appears to be based on a general disfavoring of Unions waiving individual rights. *Id.* ("Thus, we will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable."). In another case, the Supreme Court stated: "[n]ot only is petitioner's statutory claim not subject to a presumption of arbitrability; we think *any CBA requirement to arbitrate . . . must be particularly clear.*" *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79 (1998) (emphasis added). The Court explained that "the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit Union waiver in a CBA." *Id.*

### 2. FLSA Collective Actions

Statutorily based claims under FLSA can be subject to mandatory arbitration. *See Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 539 (E.D.N.Y.), *appeal dismissed* (July 13, 2016), *motion to certify appeal denied*, 209 F. Supp. 3d 528 (E.D.N.Y. 2016), *appeal dismissed*, 698 F. App'x 23 (2d Cir. 2017); *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 124 (2d Cir. 2017) ("*Bynum* convincingly ruled in favor of enforcing arbitration of such claims.").

A question currently pending before the Supreme Court is whether collective action waivers of FLSA claims are valid under the FAA and National Labor Relations Act ("NLRA"). *See Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1151 (7th Cir. 2016), *cert. granted*, 137 S. Ct. 809, 196 L. Ed. 2d 595 (2017) ("The agreement did not permit collective arbitration or collective action in any other forum. We conclude that this agreement violates the National Labor Relations

Act and is also unenforceable under the Federal Arbitration Act."). The Court of Appeals for the Second Circuit has concluded that FLSA arbitration agreements are enforceable if they waive collective action, notwithstanding the NLRA. *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013). The present motion should not be held in abeyance pending a decision by the Supreme Court since speedy disposition of labor and wage cases is desirable and the arbitration clause does not cover this dispute. *See supra* Part I; *infra* Part IV. Workers usually need wages as soon as they can get them.

### IV. Application of Law to Facts

Defendant seeks to force Plaintiff to arbitrate her FLSA and other labor law claims. It relies on and arbitration clause contained in a collective bargaining agreement. The clause must be "clear and unmistakable" and "not susceptible to a contrary reading" for the court to compel arbitration. *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016); *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009).

The arbitration provision relied on is confusing. It does not clearly require Plaintiff to arbitrate her claims, so she can pursue them in court. Her other arguments do not need to be further addressed. *See supra* Part I.

The introductory clause to the arbitration provision specifically mentions the FLSA, New York Home Care Worker Wage Parity Law, and New York Labor Law and provides that "all claims" brought under these statutes "in any manner" shall "be subject exclusively" to the grievance and arbitration procedures. *See supra* Part II; Amendment ¶ B.

The question is: what are the "grievance and arbitration procedures described below"? None of the arbitration procedures require plaintiff to arbitrate this claim. *See supra* Part I.

11

The first three procedures apply to "the parties." Plaintiff is not a party to the Agreement; the only parties are the Union and Defendant. *See* Amendment at 1 (Recitals) (Whereas, the Union and Employer are presently *parties* to a certain Collective Bargaining Agreement dated May 1, 2016 (hereinafter referred to as the 'Agreement') covering certain employees of the Employer; Whereas, *the parties* mutually desire to amend the Agreement."). The sixth provision specifically modifies the word "parties" to include employees, but it does not compel arbitration of this claim.

An *individual employee's* obligations are outlined in the fourth clause of the provision. This clause only applies "*[i]n the event* an Employee has requested, in writing, that the Union process a grievance." Amendment ¶ B(4). Plaintiff has not made a written demand to the Union to process her grievance so this provision does not apply to her either.

Conspicuously absent from the fourth clause is a *requirement* that an employee *file* a Union grievance. Absent this mandatory prerequisite, arbitration is permissive, not mandatory. The introductory clause tells the employee she *must* follow the grievance procedures, but the grievance procedures *do not* direct that she must follow a path to arbitration.

The permissive language in the fourth clause—"in the event," and "*may* submit their individual claim"—contrasts with the mandatory language—"must" and "shall"—used both within this section of the Agreement and in others sections. The arbitration clause is "susceptible to a contrary reading"; namely, that the employee can choose whether to arbitrate. *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016).

The arbitrators are preselected so the employee has no part in the selection of the arbitrator. *See supra* Part I.

## V. Conclusion

Defendant's motion to compel arbitration is denied.

The parties shall appear on April 2, 2018 at 11:30 a.m. in Courtroom 10B South for a hearing at which time further action in the case will be determined. Plaintiff and a member of the Defendant's management shall appear at the hearing. Discovery shall be expedited.

The court did not consider Plaintiff's letter of February 28, 2018. Defendant's motion to strike the letter, ECF No. 30, is denied as moot.

SO ORDERED

Jack B. Weinstein
Senior United States District Judge

Date: March 5, 2018
Brooklyn, New York